Sewall, J.
The question is whether, under the statutes, the appellants are entitled to a proportion of the estate of the testator, as though he had died intestate. This question depends upon the construction of the statutes on this subject, as applicable to that clause in the will in which the appellants are mentioned. The statute of 1784 is a revision of the ancient statute, but does not repeal it; they being, therefore, in pari materia, are to be considered and construed together; and although the act of 1784 omits the preamble contained in the first act, yet I think it ought to be considered as applying to the new statute. I am of opinion *that any child or grandchild being noticed or mentioned [ * 151 ] .in a will is sufficient, and that the statutes extend to cases of entire omission only. I am doubtful whether any legacy is given in this will to the appellants; but I do not think it necessary to decide that question ; for whether there be or not, upon what I think is the true construction of the statutes, the appellants are not entitled to come in for distribution ; and, therefore, the decree of the judge ought to be affirmed.
Sedgwick, J.
Upon looking into the will, it appears to have been made with great deliberation. The testator disposes of all his worldly property; expresses great solicitude and anxiety for hiv family; and he seems to have done every thing for them which he thought it possible for him to do. To decide the question before the Court, it will be useful to go back to the determination of the legislature on this subject. As the statute of 1700 was a new law, abridging the right which persons had to dispose of their property by will, it could not extend to grandchildren until the legislature had expressly declared it. Having declared it, the case of grandchildren is to be considered as coming within the reasons of the provisions. Those reasons are stated in the preamble, and ought, in my opinion, to limit and restrain the enacting clause, in the manner stated by my brother, (Sewall, J.) I have no doubt that the law of 1784 was for the same purpose as the other statute, and that it was not intended to narrow the power of disposing of property by will, but left that power precisely as it stood previous to the statute. Look at the will. The grandchildren were not excluded from the mind of the testator. He had not forgot them. He makes a complete disposition of all his property. This shows that *114 he did not intend his grandchildren should come in for their equal proportion. I am not prepared to say that there is [ * 152 ] * not a legacy given them; but, on the contrary, I am inclined to think there is, and that the sum is five dollars, that sum being mentioned and given to each of the testator’s daughters named in the same clause with the grandchildren, the appellants. Whether this be so or not, I think, for the reasons given, that the appellants are not entitled to a distributive share, and, therefore, that the decree of the judge of probate must be affirmed.
Strong, J.
I concur with my brothers in the construction of the statutes, for the reasons which they have given. The testator did not forget his grandchildren. He mentioned them in his will. He could not, therefore, intend that they should come in for a share of his estate, as though he had died intestate. He intended to give them a legacy; and although he has obscurely expressed that intention, yet, if it can be discovered from taking the whole will together, the Court will do it. It is obvious that he intended to dispose of all his property; most of it to his two sons and one favorite daughter, who had been, as he expresses it, a kind and tender nurse to him, night and day, in his long confinement. To his other daughters he gives small legacies. It is presumable that they had had nearly their share at the time of their marriage. But he intended to give something to his grandchildren, the appellants ; and I think it may fairly be presumed that he intended to give them five dollars, they being the children of a daughter who had already received her portion ; and these grandchildren of the testator being in the same reason with the surviving daughters who are mentioned in the same clause and under the same item, and to each of which daughters he gave five dollars. I think, therefore, that the decree of the judge of probate ought to be affirmed. (1)
(a)

Decree affirmed.

Note. Quaere as to the repeal of the first statute.—See stat. 3783, c. 24, § 20.

 Vide post, vol. iii. p. 17, Church vs. Crocker.

 [Church vs. Crocker, 3 Mass. 17.—Wilder vs. Goss, 14 Mass, 357. Wild & Ux vs. Brewer, 2 Mass. 570.—Ed.]