## HANNAH KENDALL, Appellant, &c. *versus* JOSHUA KENDALL *et al.*

A testator, by his will in writing attested by only two subscribing witnesses, gave to his wife all his personal estate, and the improvement and income, during her life, of all his real estate ; and after her death, he gave the real estate to his brothers. *Held*, that the will purported a disposition of both real and personal estate, and that it came within the spirit as well as the letter of *St.* 1783, *c.* 24, § 9, prohibiting the allowance of such a will as a testament of personal estate alone.

The Court will not go into the inquiry, whether the allowance of such a will as a testament of personal estate only, would more nearly execute the intention of the testator than a disallowance of the whole will.

ON the 3d of February, 1830, Benjamin S. Kendall made his last will, in writing, attested by two subscribing witnesses ; wherein, 1. he directs that all his just debts and funeral charges be paid out of his estate ; 2. he gives to his wife, Hannah Kendall, all his personal estate ; 3. he gives the improvement and income of all his real estate to his wife during her life, with a right to cut firewood, and timber to repair buildings and fences ; 4. after the decease of his wife, he gives his real estate to his four brothers, to be equally divided among them, by their paying his three sisters certain specified sums of money ; and he appoints his wife sole executrix of the will.

This will was offered by the executrix for probate, in 1834, but the judge of probate refused to allow it as a testament bequeathing to her the testator's personal estate, because it purported to be a disposition of real estate and was not attested by three witnesses. From this decree the executrix appealed.

The *St.* 1783, *c.* 24, after reciting "as it may sometimes happen that a will respecting lands and personal estate, through inattention or otherwise, may be attested and subscribed by a less number of witnesses, than this act directs for devising

lands, tenements and hereditaments, which, if approved and allowed as a testament of personal estate only, might defeat the original intention of the devisor respecting the settlement of his estate," provides, in § 9, "that any will in writing hereafter offered for probate, which purports a disposition of both real and personal estate, that shall not be attested and subscribed as this act directs, for the devising of lands, tenements and hereditaments, shall not be approved and allowed as a testament of personal estate only."

*Feb. 28th,
1835.*

*Hoar* and *Stearns*, in support of the appeal, contended that this will was not within the foregoing provision of the statute, because the intention of the testator might be carried into effect in respect to the personal property without being thereby defeated in respect to the real estate. Com. Dig. *Parliament,* *R.* 16, cites 2 Inst. 386 ; *Deane* v. *Littlefield*, 1 Pick. 239.

*Greenleaf*, for the appellees.

*April term
1835,
at Concord.*

MORTON J. delivered the opinion of the Court. The only question is whether this will comes within the interdiction of the statute. No sensible mind, unpractised in technical niceties or refined distinctions, would suppose that it could admit of more than one answer. And yet it certainly has admitted of very learned and ingenious arguments on both sides of it. This clearly is a "will in writing." And as clearly it "purports a disposition of both real and personal estate." In the first place, the testator gave to his wife "all his personal estate." He then gave to her "the improvement and income of all his real estate during her life," and then devised the remainder over to his brothers.

To hold this instrument, which does not operate upon the real estate, to be a valid bequest of the personal estate, would be *pro hac vice* a repeal of the statute. It would not be to put a construction upon it ; but to create an exception to its operation. This is a reasonable and salutary enactment, and should have a fair and liberal construction. A law which would give effect to a will to pass one description of property and declare it inoperative upon another, would be neither wise nor useful. It would, in most cases, do great injustice ; and so far from executing the whole intention of the testator, it would necessarily defeat it.

But it is argued by the appellant's counsel, that to approve the will as to the personal property, though it cannot affect the real, would be a nearer approximation to the intention of the testator, than to disallow the whole will. Whether it would or not, might depend on a great variety of circumstances, of which we have not the means of judging. But if the doctrine were adopted, the Court in all such cases, in order to determine whether the will was valid or not, would have to try the question whether a disposition of the personal estate according to the will, and of the real, according to law, would be a greater departure from the intentions of the testator, than the disposition of the whole according to the statute of distributions. This would not only involve the subject in uncertainty and perplexity, but would be a deviation both from the rules of law and the directions of the will ; and in fact the making a new will for the testator. When a person, having real and personal estate, disposes of both by a will which cannot affect one, it certainly cannot be according to his intentions declared in the will, to give it effect as to the other. And the only inquiry should be, whether he has so declared his intentions, that the law will execute them. If not, then the statute must regulate the distribution of his estate.

Much reliance has been placed upon the preamble. This can only be resorted to, when the enactments are couched in ambiguous language ; but if they be explicit and plain, they cannot be counteracted or their import affected by the introductory declarations. The object of this section as stated in the preamble, and as its own provisions clearly imply, was to give effect to the intentions of the testator, and to prevent the subversion of them by any rules of law which would annul a part and execute a part. This can only be done by allowing or rejecting the whole will. Strike out a part, and no one can know that the testator would desire to have the rest remain. Deviate from the directions given, and no court can determine how else he would have disposed of his estate, or whether he would have made 'any testamentary disposition of it.

The Court, in the equitable construction of statutes, will be very cautious how they decide that certain cases were not

Kendall
*v.*
Kendall.

foreseen by the legislature, and then how they would have provided for them if they had been foreseen. They probably have carried the equity of this statute quite as far as they ever will. At first it was doubted, whether a will containing language broad enough to dispose of real estate, could be aided by proof that the testator had no real estate to which the will could apply. Indeed the decision on Enos Sumner's will, 1 Pick. 241, note, seems to imply that such evidence was not admissible. But more recently, in *Very* v. *Very*, 3 Pick. 374, and *Brown* v. *Thorndike*, 15 Pick. 388, it has been holden, that evidence of the state of the testator's property should be received to aid in the construction of the will.

The appellant's counsel think the Court departed more widely from the letter and extended the equity and spirit further in the construction of the eighth section, than their view of the ninth requires. That section provides, that any child " not having a legacy given him in the will of his parents, shall have a proportion of his estate, as though such parent had died intestate." But the Court, on the ground that this provision was made to prevent the disinheritance of children, through the *forgetfulness* of their parents, decided that where the will shows that they were not *forgotten*, they cannot have the benefit of this provision so as to take a distributive share, although they had no legacy in the will. *Terry* v. *Foster*, 1 Mass. R. 146. This certainly was a great stretch of construction, but whether greater than sound principle would warrant, we have no occasion to inquire. For it has very little analogy to the case before us, but contained strong reasons for carrying the doctrine of construction to its utmost verge. Such extreme cases, presenting a conflict between the rules of law and the dictate of justice, sometimes induce courts, by their love of right, to press their power to the confines of legislation, and fill the law, which should be a system of plain and intelligible rules, with so many exceptions, qualifications and distinctions, as to expose it to the charge of resembling a labyrinth of perplexities.

But we are fortunate that this case furnishes no inducement to add another maze to the labyrinth ; for we think the will in

question is alike condemned by the spirit and the letter of the statute. *

Kendall<br>v.<br>Kendall.

<em>Decree affirmed.</em>

---

* The Revised Statutes, c. 62, § 6, by requiring the same formalities in wills of personal as of real estate, will hereafter ˑ˒event the recurrence of questions of this kind.