## CALVIN EATON *versus* SIMEON GREEN.

Where land was conveyed in consideration of a sum of money paid by the grantee, and the grantee, by a writing not under seal, agreed to reconvey the same to the grantor upon the repayment of the money within a given time, it was *held*, that this was an equitable mortgage, and not a sale with a right to repurchase on condition.

This Court has no jurisdiction over suits in equity for the redemption or foreclosure of *equitable* mortgages.

THIS was a bill in equity to redeem mortgaged real estate.

The bill set forth, that the complainant, on the 4th of March, 1834, being seised in fee of certain land in Lunenburg, called the Austin farm, mortgaged the same to Esek Whiting, to secure the payment of the sum of $250 in sixty days with interest ; that on the 17th of August, 1835, Whiting assigned the mortgage to the defendant ; that the defendant, on the same day, entered into possession of the premises for breach of the condition, and still continued in possession ; that on the 13th of October, 1836, the complainant demanded of the defendant an account of the amount due on the mortgage, but the defendant refused to render the same ; and that, at the time when such demand was made, the complainant had good right to re deem the premises.

The answer denied that the complainant had any right to re · deem the premises, and averred that the complainant's equity of redemption had been taken on execution, and sold, upon the 10th of May, 1834, to Caleb B. Hall ; that the complainant, on the 13th of September, 1834, conveyed all his right, title and interest in the premises to William Lincoln, who, on the 6th of May, 1835, quitclaimed to the defendant ; and that on the 8th of May, 1835, Hall conveyed all his right and title to the defendant.

A supplemental bill was thereupon filed, setting forth, that, on the 13th of September, 1834, the complainant, for the sum of $56, conveyed to Lincoln the Austin farm, together with other real estate, including a farm called the Cunningham farm ; that the interest of the complainant in the real estate so conveyed, after paying off all incumbrances thereon, was of the value of $3000, at the time of the conveyance ; that on the

same day, Lincoln, by a memorandum in writing but not under seal, agreed, that if the complainant would pay him the sum of $ 56 within ten days from that time, he would, by a quit-claim deed, reconvey the land to him ; that on the 6th of May, 1835, Lincoln, in consideration of the sum of $ 100 paid him by the defendant, quitclaimed to him all his interest in such real estate, and, on the same day, took from the defendant a bond in the penal sum of $ 1000, conditioned, that if the defendant should, within thirty days after the payment by the complainant to the defendant of the sum of $ 100, with interest, quitclaim to him all his interest in the Cunningham farm, then the obligation should be void.

The supplemental bill further set forth, that the defendant well knew that Lincoln held the deed from the complainant in trust for the benefit of the complainant and as security for the sum of $ 56 above mentioned, and a further sum of $ 44 paid by Lincoln for the complainant, and that the sum of $ 100 was all the complainant had ever received from Lincoln on account of the real estate so conveyed to Lincoln ; that upon the application of the defendant to Lincoln, it was agreed between them, that the defendant should take a deed from Lincoln of his right in such real estate, to hold in trust for the benefit of the complainant, and as security for such sums as the defendant might pay for the complainant, to redeem the estates, and that the complainant should have the right to redeem the same by paying to the defendant, within thirty days from the 6th of May, 1835, the sum of $ 100, and such further sum as the defendant might pay to Hall for his right to redeem the Austin farm ; and that without the knowledge and consent of the complainant, and by the mistake or misapprehension of Lincoln, founded on the misrepresentations of the defendant to him, the Austin farm was omitted to be mentioned in the condition of the bond, and the right of the complainant to redeem the same was not secured thereby, as it ought to have been. Wherefore the complainant prayed, that he might be allowed to redeem the Austin farm on payment of the amount due to the defendant, and for such further relief as the equity of his case might require.

The answer to the supplemental bill denied that the defendant

knew, at the time when Lincoln conveyed to him all his inter est in the Austin farm, that Lincoln held such deed, so far as it related to that farm, in trust for the benefit of the complainant, or that Lincoln had obligated himself to the complainant by any writing whatever. The answer further averred, among other things, that, neither at the time when Lincoln conveyed the Austin farm to the defendant, nor at any other time, was it agreed between them, that the defendant should take a deed from Lincoln of his right to the Austin farm, to hold in trust for the benefit of the complainant and as security for any sum of money whatever, and that the complainant should have the right to redeem that farm upon any condition ; that it was not from any misrepresentation or act of the defendant, that the Austin farm and the right of the complainant to redeem the same, were omitted to be mentioned in the condition of the bond ; and that the defendant never gave to Lincoln or the complainant any promise, either in writing or under seal or otherwise, that he would convey the Austin farm to them, upon any condition whatsoever.

The case was argued in writing.

*Bigelow* and *Washburn*, for the plaintiff, to the point, that Mr. Lincoln was a mere equitable mortgagee of the complainant's right to redeem the estate from whatever incumbrances there were then upon it, cited 4 Kent's Comm. (2d ed.) 142 ; 2 Story on Equity, § 1018 ; Fonbl. on Eq. (Laussat's ed.) 161, 162, 163, 494 and notes ; *Hughes* v. *Edwards*, 9 Wheaton, 494 ; *Strong* v. *Stewart*, 4 Johns. Ch. R. 167 ; *Clark* v. *Henley*, 2 Cowen, 324 ; *Kelleran* v. *Brown*, 4 Mass. R. 443 ; *Cutler* v. *Dickenson*, 8 Pick. 386 ; *Bissell* v. *Strong*, 9 Pick. 565.

*Torrey* and *Wood*, for the defendant.

WILDE J. drew up the opinion of the Court. Several questions of doubt and difficulty have been discussed by counsel in the argument of this cause ; but there is one objection to the bill which is decisive, and which precludes the necessity and the propriety of giving an opinion on any other matter.

The plaintiff, by his bill, seeks to redeem an estate, called the Austin farm, which was conveyed by him, in March, 1834

to one Esek Whiting in fee and in mortgage ; which mortgage was afterwards duly assigned by Whiting to the defendant.

In May, 1834, the plaintiff's right in equity was taken on execution, and sold to one Caleb B. Hall ; and in May, 1835, Hall conveyed his right in equity to the defendant. It is admitted, that this right in equity has not been redeemed within the time limited therefor by the statute. If, therefore, there were no other facts in the case, it would be clear that, by these purchases of the legal and equitable interests, the defendant became the owner of an absolute and indefeasible estate in the premises, and the plaintiff's right of redemption would be barred.

This is admitted by the plaintiff's counsel ; and they rely, in support of his right of redemption, on other facts which are set forth at large in their amended bill. It is therein averred, that after the sale of the plaintiff's right in equity to Hall, viz. in September, 1834, the plaintiff conveyed to William Lincoln the Austin farm, and other real estate, for the sum of $ 56 ; that,.at the same time, Lincoln, by his memorandum in writing, but not under seal, agreed to reconvey the same farm and other property to the plaintiff, if repaid that sum with interest in ten days ; that before the defendant purchased in the mortgage, and the plaintiff's right in equity to redeem the same, and before the plaintiff's right to redeem the right in equity was barred, Lincoln sold and conveyed all his right and title in ·the premises to the defendant, who then well knew the purposes for, and the terms and consideration upon which, Lincoln had taken the deed from the plaintiff ; and that the defendant purchased Lincoln's title, to hold the same in trust for the plaintiff, and as security for the payment of the sum of $ 56. and a further sum of $ 44 paid by Lincoln for the plaintiff.

Upon these facts, it has been argued by the plaintiff's counsel, that by the conveyance to Lincoln he became a mere equitable mortgagee of the plaintiff's right to redeem the estate from all incumbrances.

There can be little doubt that the conveyance to Lincoln, with his written contract of reconveyance, must be deemed in equity a mortgage. The only doubt is, whether it is to be construed as a sale with an agreement to repurchase within a given time, or an equitable mortgage. But whenever it appears

doubtful whether the parties intended a mortgage, or a sale with an agreement to repurchase, courts of equity incline to consider the transaction a mortgage. So, where a conveyance is made to secure a debt, and the debt continues to subsist, it is deemed in equity a mortgage, and not a conditional sale. 4 Kent's Comm. (2d edit.) 144 ; *Kelleran* v. *Brown*, 4 Mass. R. 444. In the case of *Kelleran* v. *Brown* there was an absolute conveyance, and an agreement in writing not under seal, to reconvey at a given time, and the conveyance was considered by Chief Justice *Parsons* as an equitable mortgage. But the difficulty in that case was, as it is in the present, that this Court had no cognizance of equitable mortgages. The equitable jurisdiction of the Court was limited by statute to cases where lands are granted on condition, by a deed of mortgage, or bargain and sale with defeasance ; and it was held that, as the agreement in that case was not under seal, it could not operate as a defeasance of the conveyance to Kelleran ; and that the tenant was not entitled to a conditional judgment as in case of a mortgage. The correctness of that decision has never since been questioned, but has frequently been recognized as founded on a well established principle of law, and the true construction of the statutes in relation to mortgages. *Flagg* v. *Mann*, 14 Pick. 467. That decision is, in every respect, applicable to the question under consideration, and is decisive, unless the law in this respect has been changed by the Revised Statutes.

It is contended, that by the Revised Stat. *c.* 81, § 8, the equitable jurisdiction of the Court is so enlarged as to comprehend all suits in equity for the redemption or foreclosure of mortgages, whether they be legal or equitable. That section provides, among other things, that this Court shall have power to hear and determine in equity, " all suits for the redemption of mortgages, or to foreclose the same."

The language of the statute, if not taken in connexion with other provisions in the Revised Statutes, is sufficiently comprehensive to embrace mere equitable mortgages. But taken in connexion with the 107th chapter, which regulates the manner of redeeming and foreclosing mortgages, it must receive a more limited construction. It is a familiar rule of construction,

that where any section or clause of a statute is doubtful, its meaning is to be ascertained, if it may be, by taking into consideration the whole statute, and even the preamble, in order to discover the probable intention of the legislature ; and this mode of interpretation is justifiable, as it is said by Chief Justice *Parker*, in *Holbrook* v. *Holbrook*, 1 Pick. 258, even where the words of the section itself may be unambiguous.

So, the general system of legislation upon the subject matter, may be taken into consideration, in order to aid the construction of a statute relating to the same subject, and all statutes *in pari materiâ*, whether they be repealed or unrepealed, may be considered with the same view. 1 Mass. R. 146 ; 3 Mass. R. 21 ; 8 Mass. R. 423 ; 12 Mass. R. 383.

Following these well known rules of construction, we are left in no doubt as to the true meaning of the clause of the 8th section before referred to. That section defines the jurisdiction of the Court in cases in equity, and, in very brief and general terms, enumerates and describes the various suits that may be thus heard. The question now is, what is the true meaning of the clause in relation to suits for the redemption and foreclosure of mortgages, and what mortgages were intended to be included in that clause. The answer, we think, is obvious, by reference to the 107th chapter, which regulates the proceedings of parties in relation to mortgages, and points out the manner in which the same may be redeemed or foreclosed. This chapter contains the various provisions of former statutes on the subject, with few alterations. There is a new provision for the redemption of personal property ; but the law of mortgages of real estate is substantially the same as it was previous to the Revised Statutes ; and in respect to the question now to be decided, it is precisely the same. By the 34th section it is declared, that the mortgages mentioned in this chapter, shall include not only those made by a common deed of mortgage, but also such as are made by a conveyance with a separate deed of defeasance. Suits upon such mortgages, and upon such mortgages only, as it appears to us, were intended to be embraced in the clause of the 8th section of the 81st chapter, in relation to mortgages. If it were intended by that clause, to enlarge the jurisdiction of the Court, so as to give them

cognizance of equitable mortgages, some mode would have been provided, whereby they should be redeemed or foreclosed; and the 34th section of the 107th chapter would have been omitted. It cannot be supposed, that so important a change in the law could have been intended, without a clear and express provision to that effect ; nor can any reason be imagined why equitable mortgages and common mortgages should not be redeemed and foreclosed in the same manner.

Upon the whole, we are clearly of opinion, that it was not the intention of the legislature, by the clause in question, to enlarge the jurisdiction of the Court, as the plaintiff's counsel have contended ; but, although the language is general, it is to be limited to such mortgages as may come within the provisions of the 107th chapter.

It has, however, been further argued by the plaintiff's counsel, that if the conveyance to Lincoln was not a mortgage, it was a deed in trust ; that the trust is valid, notwithstanding the statute which requires declarations of trust to be in writing , and that the defendant had notice of the trust, and took the estate subject thereto. Upon these questions we give no opinion, for any opinion we might give would be extra-judicial, and not binding on the parties, as no such trust could be enforced in the present suit. The mortgage, as already remarked, has been merged and extinguished by the union of the legal and equitable estates. The defendant, therefore, has an absolute estate ; and if he holds it in trust for the plaintiff, the plaintiff must pay or tender payment of the amount due to the defendant , and if he should refuse thereupon to reconvey the estate, a bill to enforce the trust might be maintained. But it appears to the Court very clear, that this bill to redeem the mortgage cannot be sustained. No existing right of redemption remains ; and the plaintiff's only remedy, if any he has, is by a bill to enforce the execution of the supposed trust.

*Bill dismissed, with costs.*