## HANNAH BANCROFT *vs.* STEPHEN B. IVES.

The provision of the Rev. Sts. *c.* 62, § 21, under which any child for whom its father " shall omit to provide in his will " is entitled to a share in his estate, unless " such omission was intentional," applies to children born after the making of the will, and before the death of their father.

A testator gave a small legacy to each of his children living at the date of his will, (all of whom died before him, without issue,) and the residue of his property to his wife; and afterwards had other children born to him. *Held*, that evidence of his having said to his wife, since the birth of his younger children, " You will have all there is," was not sufficient to show an intent to omit to provide for them in his will; and that they were entitled, under Rev. Sts. *c.* 62, § 21, to the same share of his estate as if he had died intestate.

ACTION OF CONTRACT on an agreement to purchase land in Salem of which Thomas P. Bancroft died seized, provided his widow could make a good title to it. The parties submitted the case to the decision of the court upon the following facts :

On the 11th of February 1829, Thomas P. Bancroft, being then married to the plaintiff, and having three children, made his last will, (since duly proved,) by which he gave to each of his said children, by name, the sum of $300, and all the residue of his estate to his wife. Said children all died in the lifetime of the testator, unmarried and without issue. But two other children were afterwards born to him, one in 1837, and the other in 1843, both of whom still survive, and were not provided for by him in his lifetime.

The testator's property was not large, and was insufficient to

enable his widow to maintain herself and her children in the style in which they had previously lived, she having no property in her own right. But the legacies to the children could only be considered as tokens of affection, as they were unimportant, compared with the whole of his estate. His pecuniary circumstances had not materially changed at the time of his death.

The testator gave no proof in his lifetime of any preference for any child or children over the others. The plaintiff claims to be entitled to the whole property, real and personal, of the testator. The only ground of defence relied on is that the surviving children of the testator are entitled to a share in his estate, and therefore have an interest in this land.

The plaintiff's mother, to whose deposition, taken for this purpose, it was agreed that either party might refer, testified as follows : " I have heard Mr. Bancroft, several times, when alluding to expenses, say to his wife, ' What you spend now, the less you will have when I am gone.' I am confident I have heard him say to her, ' You will have all there is ; ' but I cannot fix the time when he said so. . The impression on my mind, from several conversations I have heard between Mr. Bancroft and his wife, is, that it was his intention to leave all his property to his wife ; but I cannot give the details of these conversations. They were both before and after the year 1843, as I believe."

*W. Sohier,* for the plaintiff.

*J. Lowell,* for the defendant.

SHAW, C. J. The revised statutes provide that " when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate ; unless they shall have been provided for by the testator in his lifetime ; or unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident." Rev. Sts. *c.* 62, § 21. Section 22 makes a similar provision for a child born after his father's decease.

We think it manifest that it was not the intention of the commissioners and legislature to alter the law in this respect, but

only to give effect to the old statute of 1783, and to affirm and give the authority of positive law to the construction which had been put upon it in several cases. The *St.* of 1783, *c.* 24, § 8, had directed that any child, or his legal representatives in case of his death, not having a legacy given him in the will, should have a proportion of the estate assigned to him, if not advanced. A question pretty early came before the court, upon the construction of a will where no legacy was given to a child, but where such child had been mentioned under such circumstances as to show that the omission was not by accident or mistake, but intentional. The grounds upon which this construction was put upon the statute—not in conformity to its literal expression, but to the supposed intention—were twofold : First, that it could never have been the intention of the legislature to restrain the unlimited power of devising by will, especially when the whole object could be accomplished by the gift to a child of a shilling ; but, secondly, that the statute of 1783 was but a revision of the provincial statute of 12 W. 3, (1700,) modified by a subsequent provincial statute, extending the rule to grandchildren. The first of these statutes contained the following recital : " Whereas, through the anguish of the deceased testator, or through his solicitous intention, though in health, or through the oversight of the scribe, some of the testator's children are omitted, and not mentioned in the will ; many children also being born after the making of the will, though in the lifetime of their parents." Anc. Chart. 351.

The first reported case which came before the court was that of *Wild* v. *Brewer*, Suffolk, 1797, before the regular reports, but published in a supplement to 2 Mass. 570. There the testator had given to grandchildren, children of a daughter named, living. Though nothing was given to the daughter, yet it was held that, being named, and her children receiving bequests, the omission was designed, and not through mistake, and that she was not entitled to a share by the statute. The other cases were *Terry* v. *Foster*, 1 Mass. 146 ; *Church* v. *Crocker*, 3 Mass 17 ; *Wilder* v. *Goss*, 14 Mass. 357.

It seems to us that the revised statutes reënacted this law, con-

formably to the construction given it by the decisions, but adopted a different phraseology to avoid any discrepancy between the letter of this enactment and the construction put upon it. This is done by providing that, in all cases where a child has no share given him in the will, he shall have a share, unless it is manifest, from the other parts of the will, or other evidence, that the omission was intentional, and not occasioned by accident or mistake. *Wilson* v. *Fosket,* 6 Met. 400.

It was argued that by the term " omit to provide in his will" must be meant a child then living, living at the time of making his will, because no other could be intentionally omitted. This argument we think is plausible, but not sound. A very slight change of words would have left no foundation for it. Suppose the statute had been thus : " If any testator shall omit to provide *by* his will," or " *by* will," for any child. And such we think is the fair construction. A man's will is ambulatory until his decease ; it may be revoked, republished, altered or modified, by any codicil or number of codicils, quite up to the time of his death. A man's will then is one, whether it consist of one or many instruments; and all the testamentary papers in force and capable of taking effect, at his decease, constitute his will. The time, therefore, to which the question of omission applies is the time of the testator's decease. If he has then made no provision by his will, including all codicils, the case of the statute arises : he has made a will, but left a child, without having made any provision for such child.

If this is the true construction, the effect is, that a child shall have a share as in case of intestacy, if the testator, at his decease, shall have made no devise to him and given him no legacy, unless it appear that such omission was intentional, and not accidental. Upon any other construction, children not born when the particular will was made, though born during the life of the testator, and whose existence is known to the testator during his life, would not be provided for by the statute ; although a posthumous child, born after the death of the father, for whom the testator could not be expected to provide in his will, because his birth might not usually be anticipated, is carefully provided for by the statute.

Thus all children are embraced to whom no share is given by will—which is the obvious purpose of the law. In the preamble to the provincial statute above recited, which was the subject of comment in the former cases, and the principle of which it was the purpose of the revised statutes to affirm, the omission of any bequest to after-born children was one of the prominent cases mentioned to which the law was intended to apply a remedy. The policy of the statute obviously is to extend relief to children born in the lifetime of the testator, though after the making of the will; and this we think necessarily means the instrument which, though made some time before his decease, proves in the event to be a last will, and where no new will or codicil is afterwards made to correct the defect.

Such being the construction which seems to us to be the correct one, we think that children, born after the making of the will actually proved, are children omitted by the testator, within the meaning of the statute, and are entitled to shares of the estate of their father, as if he had died intestate. And it makes no difference that, at the time of making such will, other children were living. They died during the life of the testator, leaving no issue, and their legacies of course lapsed.

Nor do we perceive in this case any evidence of the intention of the testator to omit making any bequest to these two children. It is not a question whether he intended that they should take a share by intestacy; that does not depend upon his will or intention, but upon the operation of law, upon his omission to make any devise or bequest to them. But the question is whether there is sufficient evidence of his intent to omit them. Taking his will, and the legacies therein given to the children then living, it appears that it was not his intent to omit any of his children, but to give each a legacy, though a small one. The conversation testified of, between him and his wife, is too vague and indefinite to warrant an inference of such intent. We are therefore of opinion that the plaintiff did not take the entire estate by force of the will, to the exclusion of the children, and that her deed would not make a good title to a purchaser.

*Judgment for the defendant.*