## BRANTON VS. BRANTON.

If the names of all, or any, or either of a testator's children, or their legal representatives, be omitted in his will, he will be considered as having died intestate as to those omitted, under *sections* 11 *and* 12, *ch.* 180, *Gould's Digest, p.* 1075, whether the omission be accidentally or purposely made.

In such case the will is not void, but those having possession of the estate, will be required to contribute their proportion of the distributive share of the omitted child.

Although the statute authorizes the probate court to decree distribution according to the 11th and 12th sections of the chapter on wills, the proper juris-

diction of chancery is not taken away; and it is the peculiar province of a court of chancery to afford relief where contribution is to be made by different persons, or to different persons out of a common fund.

*Appeal from Ouachita Circuit Court in Chancery.*

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER, and KNIGHT, for appellants.

HEMPSTEAD, for the appellees.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Ephraim Branton made his last will, containing this single testamentary sentence: "I give and bequeath to my wife, Susanna Branton, all my real and personal property, goods and chattels, of what nature or kind soever, to my said wife, Susanna Branton, whom I hereby appoint my sole executrix of this my last will and testament.

Ephraim Branton died leaving six children, and two children of a deceased daughter, besides his wife, Susanna Branton, mentioned in the will.

Wilson H. Branton and Alice J. Webb, a son and daughter of the testator, with Franklin P. Ellis and Malsy Ann Ellis, infants, by their next friend, the two last being children of Malsy Ann Ellis, a deceased daughter of the testator, preferred their bill in the Ouachita circuit court, sitting in chancery, against the widow and remaining four children of Ephraim Branton, and also against the administrator with the will annexed, in which they alleged the making of the foregoing will; that Ephraim Branton owned, at the time of his death, a large amount of real and personal property over what was necessary to pay his funeral expenses and debts: and they pray that the will may be declared null and void for its omission to name the plaintiffs, or other children of the testator, and that the plaintiffs may be declared to be entitled to as much of the property of Ephraim Branton as if he had died intestate.

The bill was met by a demurrer, which was overruled, and the defendants appealed to this court.

Two questions made by the appellants must. be considered: whether the plaintiffs, the appellees, are entitled to the same portions of the estate of Ephraim Branton, as if he had made no will; and whether, if so entitled, a court of chancery is a proper juris-. diction to afford them relief.

Our statute, upon which the plaintiffs rest the claim made in their bill, is a follows:

"Sec. 11. Whenever a testator shall have a child born after the making of his will, either in his lifetime, or after death, and shall die, leaving such child, so after born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in his will, every such child shall succeed to the same portion of his father's estate, real and personal, as would have descended, or been distributed to such child if the father had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised or bequeathed to them by such will.

"Sec. 12. When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child, born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share or dividend of the estate real and personal, of the testator, as if he had died intestate, and such child shall be entitled to recover from the devisees and legatees in proportion to the amount of their respective shares, and the court of probate shall have power to decree a distribution of such estate, according to the provisions of this and the preceding section." *Gould's Digest,* 1075.

The court below supposed that, by the statute, the plaintiffs were entitled to the same portions of the estate of Ephraim Branton, their father and grandfather, as they would have been

if he had died intestate, because he omitted to mention their names, or to provide for them in the will. And this would seem to be the meaning of the statute, from words so plainly expressed as to exclude all rules of construction that would give them a different interpretation.

But it is earnestly urged in the argument for the appellants, that the statute intended to provide only for children whose names were accidentally omitted to be mentioned in a will, either from oversight in the scrivener, or forgetfulness of the testator : that if the omission to name them be purposely made, that manifests an intention of the testator to disinherit his children with which the law will not interfere : and that in this case, the intention is as apparent as if the testator had expressly declared that each of his children, and the children of his deceased daughter, after naming them in order, should not have any part of his estate. We do not see why this application would not follow the given construction of the statute ; for, taking Ephraim Branton to be like other men, we cannot conceive how, in a condition of extremity, or in a state of health, with his mind fixed upon the event of death, and the consequent disposition of his property by his direction, he can be supposed to remember his wife as the sole object of his bounty, and utterly forget that, through her, or some wife, Providence had bestowed on him the gift of seven children, six of whom were then living, with two descendants of the seventh and deceased child. The inference seems to us to be so natural as to be irresistible, that the testator in this case, in passing by his children, and in devising all his property to his wife, intended to exclude the children from having any part of his property. And this intention must have effect if we construe the statute as the counsel for the appellants urge us to do. This construction is supported by the argument that the law could not intend to overthrow the radical principle that a man may devise his estate to whom he pleases ; that his will is the rule and law for itself, and by decisions made upon the statutes of other states, but resting mainly upon the decisions of Massachusetts.

The first decision of that court was made upon a statute passed in 1784, by which it was enacted, "that any child or children, or their legal representatives, in case of their death, not having a legacy left him, her or them, in the will of their father or mother, shall have a proportion of the estate of their parents assigned unto him, her or them, as though such parent had died intestate: provided such child, children or grand-children have not had an equal proportion of the deceased's estate bestowed on him, her or them, in the deceased's lifetime." The appellants occupied the situation of the plaintiffs below in this suit, maintaining that no legacy was given to them in the will. The opinion of Sewall, Judge, is in the following words: "The question is, whether, under the statute, the appellants are entitled to a portion of the estate of the testator, as though he had died intestate. This question depends upon the construction of the statute on this subject as applicable to that clause of the will in which the appellants are mentioned. The statute of 1784, is a revision of the ancient statute, but does not repeal it, they being, therefore, *in pari materia*, are liable to be considered and construed together; and although the act of 1784 omits the preamble contained in the first act, yet I think it ought to be considered as applying to the new statute. I am of opinion, that any child or grand child, being noticed or mentioned in a will, is sufficient, and that the statutes extend to cases of entire omission only. I am doubtful whether any legacy is given in this will to the appellants; but I do not think it necessary to decide that question; for, whether there be or not, upon what I think is the true construction of the statute, the appellants are not entitled to come in for distribution, and therefore, the decree of the judges ought to be affirmed." The other Judges concurred in the opinion of Sewall, J., although they thought that the appellants were not entirely omitted in the will. *Terry vs. Foster*, 1 *Mass. R.* 146.

The ancient statute referred to by Judge Sewall, was a statute of 1700; similar in its provisions to the statute of 1784, on which the case was decided. But it will be noted that the

preamble of the statute of 1700, is referred to in a way as controlling or influencing the opinion of the judge, as he conceived that the preamble must be considered as part of the act of 1784. The Massachusetts statute must then be considered as dependent upon the condition contained in the preamble to the act of 1700, which is in these words: " Whereas, through the anguish of the deceased testator, or through his solicitors, though in health, or through the oversight of the scribe, some of the testator's children are omitted, or not mentioned in the will, many children also being born after the making of the will, though in the lifetime of the parents." For, without the preamble, upon the words of the statute, it is difficult to imagine how such a decision as that of *Terry vs. Foster* could have been made, except upon the assumption that the will contained a legacy for the appellants, the words of the statute being decisive that if a legacy was not left to a child, it should have such portion of the parent's estate as if he had died without a will, unless the child had been advanced in the lifetime of the parent.

In *Wild vs. Brewer*, 2 *Mass. R.* 570, no legacy was given to a daughter, but her children were provided for in the will, and the court thence thought that the daughter was not forgotten, and was not entitled to a distributive portion of the estate. The same decision was made upon a like state of facts in *Church vs. Crocker*, 3 *Mass. R.* 17. In *Wilder vs. Goss*, 14 *Mass. R.* 357, the same rule of construction was applied to a daughter, the court supposing she could not have been out of the mind of her father, when the will mentioned her husband as a son-in-law, and provided for one of her children, that was named after the father.

These cases were recognized as authority in construing a statute of New Hampshire, whose provisions are not set out in the report. *Merrick vs. Sanborn*, 2 *N. Hamp.* 499.

Although the foregoing cases acknowedge the principle that the statute of Massachusetts did not provide for a child to whom no legacy was given, unless the child was passed by

from accident or forgetfulness, yet it is to be noted that, in all of the cases, there were facts upon which the courts relied to find that the alleged omissions were properly made. This rule of construction did not commend itself to universal acceptance, for in a note to *Church vs. Crocker*, the editor of a republication of the Massachusetts reports characterizes the decision as clearly contrary to the statute, and says that the words are so plain as to admit of no doubt of their meaning, and that all rules of construction were thence inapplicable to the statute. This, it is true, only shows the opinion of an eminent member of the profession; but a subsequent opinion of the same court is significant to show the consideration in which the series of decisions was held, in saying : "The court do not mean to question the authority of the decisions which have held, as the reasonable and true construction of this statute, that it is not to be construed literally, but if it appear that the child or grandchild was fully in the mind of the testator, and was not unintentionally overlooked or forgotten, the statute should not apply. Whatever we might have thought, if now first called on to expound the statute, the construction has been too long and uniformly adopted and settled as a rule of property to be safely overturned." *Tucker vs. Boston*, 18 *Pick.* 166. And in Massachusetts, this whole question is avoided by an alteration of the statute law; so that by it provision is made for a child omitted in a will, unless it shall appear that the omission was intentional, and not occasioned by any mistake or accident. *Rev. Stat. of Mass.*, 1836, *chap.* 62, *sec.* 21, *page* 419. And so are the statutes of New Hampshire, Vermont, Maine, Wisconsin, Iowa and California; so that decisions made upon them would afford no assistance in the construction of our own law. Yet, these statutes, although avoiding an inconsistent rule of interpretation which the preamble to the Massachusetts act of 1700 entailed, has opened the door for the reception of parol testimony to show that an omission to provide for a child, by will, was in accordance with the intention of the testator.

*Wilson vs. Faskel*, 6 *Metc.* 404; *Lorieux vs. Keller*, 5 *Iowa Rep.* 202.

Although our statute corresponded more to the old Massachusetts statute than to its late enactment, if the principle of the early decisions had been intended to have been incorporated into our system of law, we think it would have been done by an adoption of the terms of the statute, as that was published before our Revised Statutes, and must be taken to have been as well known to the Revisers as were the old law and its judicial interpretation.

Our statute was a continuation of the Territorial law. Sections 11 and 12 of the chapter upon Wills, copied in the early part of this opinion, embody, without material alteration, the provisions of the 4th section, under the head of Wills and Testaments, in Steele & McCampbell's ·Digest. This was from a law of the Missouri Territory, passed 21st January, 1815, and is the same law of which TOMPKINS, J., in *Block vs. Block*, 3 *Misso. Rep.* 411, said, that no doubt of its meaning could be entertained, which meaning was, that to cut off a child from its distributable portion of its father's estate, the name of the child must be contained in the will. This is found in a dissenting opinion, but the decision was upon a Missouri statute in different terms from that of the Territorial and our own statutes, yet the majority of the court did remark that the Territorial statute, which, they said, was taken literally from an earlier statute passed by the Governor and Judges in 1807, was put by the legislature expressly upon the ground that the testator, in omitting the name of his child, forgot it, and therefore the law provided for it.

But the point of difference between the other judges and TOMPKINS, J., was that, upon the statute under consideration, the latter held that a child that was not named in the will and expressly excluded from any part of the estate, was not provided for in the will; while the other judges decided the contrary, holding that the words of the statute of 1825, "not pro-

vided for in the will," meant the same as the old statute, not named in the will: that both meant, being forgotten by the will, and that when a child was mentioned and declared to have nothing by the will, the will provided for the child. We have nothing to say upon the two constructions of the Missouri statute of 1825, as it does not fall within our province to note them, but have no hesitation in discarding the construction of the majority of the court upon the Territorial statute.

The statute of Missouri has been again changed, and in consequence of the decision of the majority of the court in *Block vs. Block*, as we may suppose from the alteration being made at the next session of the Legislature, so as to read: "If any person make his last will, and die leaving a child or children, or descendants of any such child or children (in case of their death), not named nor provided for in such will," then the same consequence was to follow as in all other acts upon this subject.

Under this act, where the name of a daughter was inserted in a will as having received a sum by way of advancement, which was not as much as other children had received, but the daughter was dead, the mention of her name as being alive was held not to deprive her children from representing their mother, so as to receive her full portion, under a clause that all other children, but one otherwise provided for, should share the estate. *Guitar vs. Gordon*, 17 *Missouri Rep.* 408. While this case acknowledges the principle of the statute to have been construed to be to provide only for children forgotten, or accidentally omitted, it disclosed a successful struggle to withdraw the case, on slight ground, from the operation of the principle. For it must be evident that the mention of the name of the daughter, in the case under consideration, by the Massachusetts early decisions, would have placed her as having been in the mind of the testator, and would have excluded her children.

And in 1857, a case exactly corresponding to the present one, arose upon the Missouri statute, as appears by the following

37

testamentary clause: " *Second*, that my wife, Ann Bradley, be sole heir to all my estate remaining on hand after the payment of my just debts, real and personal." The case contains a review of all the previous and different statutes of the State and Territory of Missouri, and then remarks upon the one before the court thus: " Ours is a positive enactment: no proviso to it on account of mistake or intentional omission. If the name of the child is omitted in the will, and no provision made for such child, then the testator must be considered as dying, as to such child, intestate, and such child will be entitled to his proportional share, unless he has been provided for by advancement by the testator in his lifetime: and this previous advancement is the only thing that will debar the unnamed and unprovided for child from his share. Had the testator mentioned his children, and cut each off with one cent, we should have sustained the will under our former decisions; but there is nothing here on which we can, for a moment, withdraw this will from the operation of the 11th section of our statute above cited." *Bradley vs. Bradley*, 24 *Misso. R.* 319.

The case does not pretend to overthrow the rule of construc_ tion that the statutory provision is for the benefit of forgotten and accidentally omitted children, and even says that the will does not show, and the court does not infer from it, that the children were in the testator's mind, though he left several children surviving him. We approve the conclusion of the court upon the statute, and apply the same to our own statute as being too plain to admit of being construed away, which would be the effect of giving to it any other meaning than what its words plainly express. And not being bound to acknowledge the existence of an erroneous principle engrafted upon the statute, as no such has ever been announced by this court, we see no principle in the statute but what is apparent upon its face, that it intended to provide for children and descendants that are not named in the will. The statute does not prohibit a man from disposing of his property according to his own will. He may give his several children more or less than his wife,

may give them much or little, or none of his estate; but the law will treat him as a father and a man, in making a compulsory provision for his children, as in intestacy, unless he shall express a contrary intention towards every child and its children, by naming it, or them, in the will.

Such is the letter, the meaning of the law: its policy we are not called upon to justify, are not disposed to condemn, if that appertained to a court.   Without doubt, it is the general policy of our law, for reasons obvious, and repeated in every elementary treatise, and in almost every case upon last wills, to afford to a man the liberty of disposing of his property when he can no longer use it: but if the statute be supposed to inaugurate a new policy to the extent of its declared meaning, it ought not to be condemned by any that believe that children have claims upon parents for support and protection, and that the state is interested that unnatural, or petulant, or offended parents, for the gratification of passions that should, at most, end with life, or at the instance of unprincipled relations or fortune hunters, shall not, without restriction, throw their disinherited children upon the community as a public charge. But the law, as written, is for us to apply.   It is not by construction, or by direct attack or praise, to be assailed or supported.

In *Hargadine vs. Pulte*, 27 *Misso. R.* 423, a will like that in *Bradley vs. Bradley*, and like the one in this case, was held inoperative to deprive the children of their portions as in intestacy.

Although the statute authorizes the probate court to decree distribution according to the eleventh and twelfth sections of the chapter on wills, the proper jurisdiction of chancery is not taken away. *Hempstead vs. Watkins*, 1 *Eng.* 317; *Patton vs. Wagner*, 19 *Ark.* 233.

This bill is to require those that claim the estate of Ephraim Branton under the will for distribution or enjoyment, to contribute to the plaintiffs, representing three of his seven children, so that the respective portions of the plaintiffs may be made up

to them as if their father and grandfather had died without will. The will is not to be annulled, is not affected in any way, only the wife, that claims under the will, or the other defendants that have possession of the estate, must contribute to the required portions allowed to the plaintiffs; otherwise than this the enjoyment of Susanna Branton, under the will, will not be disturbed, nor will the administrator, with the will annexed, be directed, in this court, to distribute the money or property in his hands otherwise than the will directs except to the plaintiffs.

Often, a suit upon the foundation of the present case, might have to call upon numerous legatees to contribute to children whose names are omitted in a will. Each legatee would be called upon to contribute a part bearing the same ratio to the portion to be raised for the omitted child as the legacy has to the whole estate. This bill is not a suit for contribution, because the demand is more simple from there being but a single legatee. It is the peculiar province of a court of chancery to afford relief when it is to be raised by contribution from different persons, or to divers persons out of a common fund. *Armstead vs. Dangerfield*, 3 *Mun.* 20; *Hill vs. Martin*, 3 *Misso. R.* 78.

The decree of the Ouachita circuit court in chancery, overruling the demurrer to the bill and declaring the rights of the plaintiffs, and providing for their discharge, is right, except in setting aside the will of Ephraim Branton. That the court should not have been asked to do. The prayer for this special relief should have been refused, and the other relief afforded under the prayer for general relief.

A decree must be entered here affirming the decree of the court below with the exception mentioned, and certified to the circuit court of Ouachita county sitting in chancery, the costs to be paid out of the whole estate.