## GEORGE vs ROBB, ET AL.

## Opinion delivered October 4, 1901.

1. *Indian Laws—Not Enforced by U. S. Courts—Jurisdiction.*

   By Act of Cong. June 28, 1898 (Curtis Bill) it was provided that laws of the Indian tribes shall not be enforced by the U. S. Courts in Indian Territory; and said act also abolished the Creek Courts. *Held*, that after said act the U. S. Courts had full jurisdiction of the persons of Creek citizens to enforce, as to them, the laws of the United States (including adopted statutes of Arkansas) in force here.

2. *Indian Estates—Wills—Equity.*

   After the Act of Cong. June 28, 1898, the administration of Indian estates in the Creek nation was subject to the laws of Arkansas, theretofore extended over the Indian Territory. And, under Mansf. Dig. Sec. 6500 when the name of a child of a testator is not mentioned in his will, this child is entitled to a distributive share in the estate as if the father had died intestate, and a Court of Chancery will enforce this right.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Bill by Harry George against A. W. Robb, as executor of the estate of Sugar George, deceased, and others. Judgment in favor of defendants. Complainant appeals. Reversed.

This is a suit in equity, filed on July 20, 1900, in the United States Court at Muskogee, by Harry George, a citizen of the Creek Nation, against the beneficiaries under, and A. W.

Robb, as executor, of the estate of Sugar George, the father of appellant, also a citizen of the Creek Nation. The complaint alleges the citizenship and relationship of the parties, and the execution and probate in the United States Court of the will. By reference to the will, a copy of which is attached to the complaint, it appears that the bulk of the estate was bequeathed to the wife of testator, and that the name of the appellant is omitted therefrom, and no provision whatever is made as to him. The com, plaint further alleges that "under the laws in force at the time his father, Sugar George, deceased, died intestate as to this plaintiff," and prays for a distributive share of the estate. The will was executed on October 4, 1898. To the complaint a general demurrer was interposed, sustained by the court, complaint dismissed, exceptions saved by appellant, and an appeal regularly taken.

*De Graffenried & Scruggs*, for appellant.

*Thomas A. Sanson, Jr.*, and *Hutchings, West & Parker*, for appellees.

CLAYTON, J.    This case rests solely upon the determination of the question as to whether the law of Arkansas as contained in chapter 155 of Mansfield's Digest (chapter 58, Ind. T. St. 1899), relating to wills, as extended over the Indian Territory, is to be enforced in the administration of estates of citizens of the Creek Nation. By section 26 of the act of congress of June 28, 1898 (30 Stat. 504; section 57z16, Ind. T. Ann. St. 1899), it is provided that the laws of the various tribes shall not be enforced by the courts of the United States in the Indian Territory after the passage of that act. And by section 28 of the same act (section 57z18, Ind. T. St. 1899) it is provided that the courts of the Creek Nation shall be abolished on and after October 1, 1898. Jurisdiction to hear and determine all civil suits was conferred

upon the United States Courts after that date, and, by the provisions of the section above cited, the laws of the Creek Nation could not be enforced.   (The ratification of the Atoka agreement, however, left the jurisdiction of the courts of the Choctaw and Chickasaw Nations unchanged until March 4, 1906.)   The provisions above cited bring the Creek citizen within the jurisdiction of the laws of the United States, for it cannot be said that congress intended to abolish the Creek courts, render their laws nugatory by prohibiting their enforcement, clothe the United States Courts with jurisdiction of the person of the Creek citizen, but powerless to enforce as to him the laws of the United States  in force here. And, this being true, the will of Sugar George having been made on October 4, 1898, and the suit having been instituted on July 20, 1900, both after the abolishment of the Creek Courts, the case must be tried, and the rights of the parties measured and adjudicated, by the laws of the Indian Territory.

Section 3572, Ind. T. St. 1899 (Mansf. Dig. § 6500), is as follows:   "When any person shall make his last will and testament, and omit to mention the name of a child, if living,     *     * every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate; and such child shall be entitled to recover from the devisees and legatees in proportion to the amount of their respective shares, and the ,court exercising probate jurisdiction shall have power to decree a distribution of such estate according to the provisions of this and the preceding sections."   This section has been passed upon by the Supreme Court of Arkansas, and it is held that an omission, either intentional or accidental, to mention either, any, or all of testator's children, while not rendering the will void as to those mentioned, gives to those not mentioned the right to apply to a court of chancery for relief.   Branton vs Branton, 23 Ark. 569.   And

this is certainly a proper construction of this section, supported both by reason and the weight of authority. The law does not prevent a man from disposing of his property as he may see fit; but it throws a safeguard around his children, the issue of his body, to the extent of requiring him to specifically mention their names in his final disposition of his property, so that there may be no question as to his real intent. The will of Sugar George does not mention the name of Harry George, who, by the demurrer, is admitted to be the only living legitimate child of deceased; and by the plain terms of the statute in force in this jurisdiction at the time the will was executed he is entitled to a trial upon the merits, and, should the allegations of his complaint be sustained, to a distributive share of the estate of his father. We think the complaint states a cause of action, and that the court therefore erred in sustaining the demurrer. For the reasons assigned, the cause must be reversed and remanded, with directions to proceed to a trial upon the merits.

TOWNSEND, C. J., and GILL and RAYMOND, JJ., concur.